IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID McDONALD, AIS # 252206,   :

    Plaintiff,                 :

vs.                              :    CIVIL ACTION 13-0128-CG-M

OFFICER NEAL,                    :

    Defendant.                 :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), with the damages claims being dismissed without prejudice for failure to state a claim upon which relief can be granted and the injunctive relief claims being dismissed with prejudice as frivolous.

I. <u>Complaint</u>. (Doc. 11).[1]

---

[1] Plaintiff's action was transferred to this Court from the Middle District of Alabama. Upon receipt this action, the Court ordered Plaintiff to file his Complaint on this Court's complaint form, which he did, and advised him that this complaint would supersede his prior complaint. (Doc. 10). This

Plaintiff's relatively brief Complaint is lodged against one Defendant, Officer Neal. Therefore, most of the Complaint's allegations are set out below. Plaintiff alleges that Defendant Neal, a guard at J. O. Davis Correctional Facility, "slap[p]ed [him] and poked [him] with his night stick [and] shot [him] birds . . . in a dorm at J.O. Davis [on] 8-5-12." (Doc. 1 at 5). His second claim against Defendant Neal is "for abuse on or around June 2012." (*Id.*).

Plaintiff further alleges that "[t]hey kept [him] locked up from 8-5-12 till 8-28-12 with no charges[.] [W]hy they did this [he doesn't] know[.] During this time [he] got kicked out of trade school and did not graduate with [his] class mates[.]" (*Id.* at 8).

Plaintiff asserts that "[e]very time Officer Neal is on duty he still haras[s]es [Plaintiff.] [Plaintiff does not] know why[.] Captain Hedtric tried to help [Plaintiff] but retired[.]"(*Id.*).

Attached to the Complaint is a copy of the disciplinary conviction Plaintiff received for insubordination on August 8, 2012. (*Id.* at 9). Plaintiff's statement given during the disciplinary proceeding states:

> Officer Neal was standing at the door

---

is the Complaint that is presently before the Court.

>               and I as talking to inmate Raymond
>               Giadrosich. "Officer Neal said hey, hey I am
>               talking to you I said." I said, "I ain't
>               playing with you, I am talking to Raymond."
>               Officer Neal kept hollering "hey" and flipped
>               me a bird, so I flipped him a couple of birds
>               back, trying to get him to leave me alone.
>               Officer Neal got in my face and said "I will
>               give you what you want" then pulled his
>               nightstick out and started poling me in my
>               shoulder and said "I will bust your head open
>               and give you what you want", then spunned
>               around and backhanded me across my face 2 or
>               three times, shoved me into the wall and
>               walked off. I either kicked or threw a crate
>               behind him, I don't remember. I just wanted
>               him to leave me alone. I have 5 or 6
>               witnesses that saw this, Raymond Giadrosich
>               and Mark Wheeler, are 2 of them.

(*Id.* at 10).

For relief, Plaintiff wants to be "released" and "give[n] . . . $50,000" and to have "Neal suspen[ded]." (*Id.* at 7).[2]

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 11) under 28 U.S.C. §

---

[2] In addition to the above allegations, at the beginning of the Complaint, Plaintiff refers to a June 23, 2009 incident, where his arm was broken. (*Id.* at 4). After reviewing Plaintiff's cases on PACER (Public Access to Court Electronic Records), the Court discovered that this allegation relates to his Middle District case, *McDonald v. Davis*, CA 2:08-cv-626-MEF-CSC (M.D. Ala. Dec. 22, 2011), to which he referred immediately above his allegation about his broken arm on the complaint form. Therefore, the Court concludes that this allegation is not related to his present claims.

1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[3] A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the

---

[3] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

4

pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as the statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 129 S.Ct. 1937. Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681. And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

5

III. Analysis.

    A. Application of 42 U.S.C. § 1997e(e).

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")." *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied*, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(h). This section, therefore, applies to Plaintiff who was a prisoner when he filed this action.

Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a

6

tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." *Id.* at 1289. This section "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. *Id.*

B.  Section 1997e(e)'s Treatment of Claims for Damages.

Under § 1997e(e), a claim for nominal damages may proceed, but if such a claim were successful, the amount to be awarded would be only nominal. *Id.* Plaintiff requested $50,000.00 in damages (Doc. 11 at 7), which is not a nominal damages request.

7

*See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); *Qualls v. Santa Rosa County Jail*, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"); *Partain v. Walker*, No. 5:10-CV-116 (CAR), 2010 WL 1740775, at *1 (M.D. Ga. Apr. 28, 2010) (unpublished) (finding that inmate's request for $1000 for every exercise hour that he did not go outside and $10,000 for each day that he went outside in shackles were not requests for nominal damages); *Harrison v. Myers*, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); *In re Bayside Prison Litigation*, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the

8

limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'").

The remaining types of damages are compensatory and punitive damages. However, a prisoner may only recover compensatory and punitive damages if he sustained an injury that is greater than *de minimis*. *Harris v. Garner, supra*, 190 F.3d at 1286. In the Complaint Plaintiff does not identify his request for $50,000.00 as being for either compensatory or punitive damages. (Doc. 11 at 7). Notwithstanding this absence, the Court will address his damages request as being one for compensatory and punitive damages.

In reviewing Plaintiff's allegations, the Court finds that Plaintiff's allegations do not reflect that he suffered a physical injury that resulted from Defendant Neal poking him with a nightstick, slapping him two to three times across the face, and shoving him into the wall. (*Id.* at 10). This absence of a physical injury prevents Plaintiff from recovering compensatory and punitive damages from Defendant Neal for these actions. *See Id.* (Plaintiff must show that he suffered a physical injury that is greater "than *de minimis*, but need not be significant"); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312 (11th Cir. 2002) (holding physical injuries must be more than *de minimis*). *See, e.g., Harris*, 190 F.3d at

9

1286-87 (finding a "dry shave" was not a physical injury that was more than *de minimis*); *Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) (finding that "the injuries that [plaintiff] complains of - including the vague injuries to his back, the scrapes and marks on his knees and legs, the lack of personal items, the lapse of time in reordering medication, the window-cleaning assignment, and the discontinuance of his pass for showers twice a day - amount to *de minimis* physical injuries" thereby barring damages for mental anguish and suffering), *cert. denied*, 131 S.Ct. 517 (2010); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (finding that a bruised ear which lasted for three days was *de minimis*); *Mobley v. Grasco*, No. 5:11cv170/SPM/EMT, 2011 WL 3163159, at *2 (N.D. Fla. July 1, 2011) (finding the claim of "pain and suffering" did not allege an injury); *Osterback v. Johnson*, 2003 WL 25571396, at *6 (M.D. Fla.) (finding the plaintiff's "slight weight loss (11 pounds), nausea, back pain, a sinus condition, appetite loss and headaches allegedly 'exacerbated by the poor living conditions'" did not satisfy § 1997e(e)'s physical injury requirement), *aff'd*, 112 F. App'x 4 (11th Cir. 2004).

Reviewing what other courts consider either to be *de minimis* injuries or not injuries at all, the Court finds that Plaintiff's allegations fall short of presenting a physical

injury that is greater than *de minimis*. *See In re Bayside Prison Litigation,* 2010 WL 4916716, at *3-4 (D.N.J. 2010) (finding that the inmate's pain and swelling for two days of his pinky finger after the officer hit his left hand with a stick was a *de minimis* injury); *Brown v. Croce,* 967 F. Supp. 101, 104 (S.D.N.Y. 1997) (finding that two slaps to the face with no injury resulting were *de minimis*); *Waller v. Ray,* 2009 WL 2232457, at *2 (W.D. Va. 2009) (finding that the guard's pushing and shoving of an inmate was at the most *de minimis* discomfort); *see also Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.")(quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")).

Taking Plaintiff's allegations as true, and construing them in the light most favorable to him, Plaintiff's allegations do not sufficiently allege a plausible injury that would satisfy the physical injury requirement of 42 U.S.C. § 1997e(e). *See Stephenson v. Ellis,* No. 3:11 cv418/MCR.CJK, 2013 WL 1197723, at *2 (N.D. Fla. Jan. 25, 2013) (finding that the plaintiff failed to state a plausible claim for compensatory and punitive

11

damages). Because Plaintiff failed to show a plausible physical injury that is greater than *de minimis*, § 1997e(e) prohibits him from recovering compensatory and punitive damages. Accordingly, Plaintiff's compensatory and punitive damages claims are due to be dismissed without prejudice for failure to state a claim upon which can be granted. *See Harris,* 216 F.3d at 980 ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").

    C.  <u>Injunctive Relief Claims</u>.

Also included in Plaintiff's request for relief are requests for his release and to have Defendant Neal suspended. (Doc. 11 at 7). Both of these requests are injunctive relief requests, which 42 U.S.C. § 1997e(e) does not prevent from proceeding. However, release from incarceration is not a remedy that is available in a § 1983 action. *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995). Rather, to gain release from incarceration, Plaintiff must file a habeas corpus action. *Id*. Therefore, Plaintiff's request for release in this § 1983 is frivolous as a matter of law.

In addition, Plaintiff requests that Defendant Neal be suspended. In a situation such as is before the Court, a federal court does not involve itself in a state employee's

12

relationship with his employer. *See Newman v. Alabama,* 559 F.2d 283, 288 (5th Cir.), *cert. denied,* 438 U.S. 915 (1978) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."); *Harris v. Whitehead,* No. Civ. A. 2:04CV485-MHT, 2007 WL 2300964, at *1 (M.D. Ala. Aug. 8, 2007) (unpublished) (holding that the federal court had no authority to discharge prison officials as that decision was for the supervisors to make); *Body v. Thornton,* CA 12-0344-CG-N, 2013 WL 1915014, at *5 (S.D. Ala. Apr. 17, 2013) (unpublished)("A federal court does not involve itself in a defendant's employment relationship with his employer."). Accordingly, Plaintiff's claims for injunctive relief are due to be dismissed with prejudice as frivolous.

IV. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), with the damages claims being dismissed without prejudice for failure to state a claim upon which relief can be granted and the injunctive relief claims being dismissed with prejudice as frivolous.

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden, Attorney General, State of Alabama,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of November, 2013.

s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE